UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                                                **PLAINTIFF**

**VS.**                                                             **CAUSE NO. 3:12-cr-118-CWR-FKB-1**

**HERBERT JEROME TOWNSEND**                                                            **DEFENDANT**

### ORDER GRANTING IN PART AND DISMISSING IN PART DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255

Before the Court is Herbert Jerome Townsend's *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2255 [Docket No. 321] seeking relief from his 384-month sentence imposed after pleading guilty to conspiracy to possess with intent to distribute more than 50 grams of methamphetamine. Having considered the issues presented, the record, and relevant authorities, the Court finds that the Motion should be granted in part to allow an evidentiary hearing on Defendant's claim that his attorney was ineffective for failing to timely file a notice of appeal, and dismissed in all other respects.

**I.     Background**

On October 3, 2012, a federal grand jury returned a 23-count indictment charging Townsend (and others) with conspiracy to possess with intent to distribute more than 50 grams of methamphetamine, possession with intent to distribute methamphetamine and notice of forfeiture. *See* Docket No. 4. Pursuant to a written Plea Agreement, Townsend appeared before this Court with his lawyer, Ross Barnett, Jr., on May 2, 2013, to plead guilty to the sole count of the indictment, conspiracy to possess with intent to distribute more than 50 grams of methamphetamine. Docket No. 224. Townsend was sentenced to 384 months in prison on September 22, 2013. Townsend did not appeal, having waived the right to do so.

On April 30, 2014, Townsend filed this petition, which alleges as follows: (1) his attorney was ineffective for failing to timely file a notice of appeal ("NOA"); (2) the "[d]rug [q]uantity is erroneous because it was not included in the indictment"; (3) the "[c]onspiracy was a buyer/seller relationship because there was no agreement or no joint stake in the drug selling operation"; and (4) the Government "breached its plea agreement by not moving for 2 levels pursuant to 3E1.1 and the leadership role is non-existent because the offense was a fronting relationship, [sic] the wiretap did not constitute with the necessity requirement." Docket No. 321 at 2-11. On June 17, 2014, Townsend filed a Motion to Supplement his § 2255 petition [Docket No. 343], in which he contends that the "Government breached [the] plea agreement by not rewarding [him] with the 3E1.1 for acceptance of responsibility in violation of amendment 775 and doctrine [sic] U.S. v. Palacios no. 13-40153." Townsend has requested that an evidentiary hearing be held on his claims.

II.   **Legal Standard**

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Generally speaking, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). "[W]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. Portillo*, 18 F.3d 290,

293 (5th Cir. 1994); *see also United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("Because McKinney indicated that he had read and understood the plea agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary.").

Claims of ineffective assistance of counsel are excepted from the general rule and may be brought in a § 2255 proceeding, but "only when the claimed [ineffective] assistance directly affect[s] the validity of th[e] waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

### III. Discussion

#### A. Waiver

The record reveals that Townsend did, in fact, knowingly and voluntarily waive his right to challenge his sentence via § 2255 petition. Townsend's appeal waiver is contained in the written plea agreement that he and his attorney read and signed. *See* Docket No. 224, at 4-6. It also was discussed at the change of plea hearing, where Townsend specifically confirmed that he had read and discussed (with counsel), understood, signed, and agreed with the terms of the plea agreement and plea supplement. *See* Transcript of Change of Plea Hearing, May 2, 2013, at 15-18. Additionally, Townsend advised the Court that when discussing these documents with his attorney, the attorney permitted him to ask questions about the documents and counsel answered those questions to Townsend's satisfaction. *Id*. The Court performed a detailed probing of Townsend's comprehension of the guilty plea and its consequences, including all rights waived, and Townsend's responses demonstrated that he was competent, knew the appeal rights he was giving up, and did so freely in order to plead guilty. *Id.* at 10-13, 20-21.

Given this record, Townsend's appeal waiver must be enforced as to his claims for relief under § 2255.

### B. Ineffective Assistance of Counsel Claims

Because Townsend's appeal waiver must be enforced, his ineffective assistance of counsel arguments can be considered "only when the claimed [ineffective] assistance directly affect[s] the validity of th[e] waiver or the plea itself." *White*, 307 F.3d at 343.

None of Townsend's ineffective assistance of counsel claims bear on the validity of his waiver or plea. For example, he contends that his counsel was ineffective in a number of ways, including: failing to move to suppress the wiretap; failing to advise him about the consequences of his plea to a specific amount of methamphetamine; failing to advise him regarding the existence of a conspiracy; failing to advise him of the consequences of a court determination that he played a leadership role in the conspiracy; and, finally, failing to properly advise him at his sentencing hearing. *See* Docket No. 321-1.

But, "[a] plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceeding leading to conviction." *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991). When Townsend plead guilty, he not only gave up his right to a fair trial, but he also relinquished the accompanying constitutional guarantees. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002). That guilty plea "represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional right that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The waiver provisions within his signed plea agreement, which he admitted to understanding in

Case 3:12-cr-00118-CWR-FKB   Document 369   Filed 05/15/15   Page 5 of 6

open court, also apply to an appeal of his sentencing. *United States v. Owens*, 302 Fed. App'x. 318, 319 (5th Cir. 2008). Therefore, these claims must be denied.

The Supreme Court has, however, held that an attorney's failure to file a requested notice of appeal is *per se* ineffective assistance of counsel, even if the appeal would not have merit. *See Roe v. Flores–Ortega*, 528 U.S. 470, 483–86 (2000); *see also United States v. Tapp*, 491 F.3d 263, 265 (5th Cir. 2007) (extending the rule to apply when the defendant has waived his right to appeal or seek collateral relief). Townsend contends that Barnett failed to file a notice of appeal after Townsend specifically requested him to do so. To succeed on this claim, Townsend "must only demonstrate that there is a reasonable probability that, but for counsel's failure, he would have timely appealed." *Tapp*, 491 F.3d at 265.

Based on the record, it is not conclusive whether Townsend instructed his counsel to file a notice of appeal. Townsend claims, under penalty of perjury, that he instructed his counsel to file a NOA, and his attorney failed to do so. The Government has submitted an affidavit from Barnett, in which he swore that Townsend never expressed a desire to file an appeal. *See* Docket No. 348. The record does not provide any other evidence which resolves the competing assertions. In light of this dispute, the Court must determine whether an evidentiary hearing should be held on Townsend's claim.

28 U.S.C. § 2255(b) provides in part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

"If the evidence does not 'conclusively show' whether the petitioner requested that counsel file an appeal," an evidentiary hearing must be held on the issue. *See Tapp*, 491 F.3d at 266. When a

district court rules on a section 2255 motion, it may not decide "[c]ontested factual issues . . . on the basis of affidavits alone unless the affidavits are supported by other evidence in the record." *United States v. Pena-Gravito*, 539 Fed. App'x 506 (5th Cir. 2013) (citing *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981)). Because there is a factual dispute as to whether Townsend instructed Barnett to file a notice of appeal, and there is no evidence other than the parties' dueling statements, the Court must order an evidentiary hearing on this issue.[1]

### IV. Conclusion

For the foregoing reasons, Townsend's Motion under 28 U.S.C. § 2255 [Docket No. 321], including its supplement [Docket No. 343], as to his ineffective assistance of counsel claim against his former attorney for failing to timely file a notice of appeal is **GRANTED IN PART** to the extent that Townsend is entitled to an evidentiary hearing on the issue. The Motion is **DISMISSED WITH PREJUDICE** in all other respects.

**SO ORDERED AND ADGJUDGED**, this the 15th day of May, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] If, after the hearing, this Court finds that Townsend, in fact, requested counsel to file a notice of appeal, the Court may grant an out-of-time appeal. *See United States v. Cooley*, 549 Fed. App'x 307, 308 (5th Cir. 2013) (citing *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001)).