**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| **V.** | **CAUSE NO. 3:12-cr-118-CWR-FKB-1** |
| **HERBERT JEROME TOWNSEND** | **DEFENDANT** |

## ORDER

Before the Court are Herbert Jerome Townsend's second *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Docket No. 442, and Motion to Supplement, Docket No. 463. For the reasons below, the Motions are denied.

**I.     Background**

Pursuant to a written plea agreement, Townsend appeared before this Court with his lawyer, Ross Barnett, Jr., on May 2, 2013, to plead guilty to conspiracy to possess with intent to distribute more than 50 grams of methamphetamine. On September 22, 2013, Townsend was sentenced to 384 months in prison.[1]

Townsend, now acting as pro se, filed his first § 2255 petition on April 30, 2014. He made the following claims: "(1) his attorney was ineffective for failing to timely file a notice of appeal (NOA); (2) the drug quantity is erroneous because it was not included in the indictment; (3) the conspiracy was a buyer/seller relationship because there was no agreement or no joint stake in the drug selling operation; and (4) the Government breached its plea agreement by not moving for 2 levels pursuant to 3E1.1 and the leadership role is non-existent because the offense was a fronting relationship, [sic] the wiretap did not constitute with the necessity requirement." *United States v. Townsend*, No. 3:12-CR-118-CWR-FKB, 2015 WL 2353077, at *1 (S.D. Miss.

---
[1] Pursuant to 18 U.S.C. § 3582(c)(2), this Court later reduced his sentence to 264 months. *See* Docket No. 417.

May 15, 2015). In his Motion to Supplement, he added that the "Government breached the plea agreement by not rewarding him with the 3E1.1 for acceptance of responsibility in violation of amendment 775 and doctrine [sic] *U.S. v. Palacios* no. 13-40153." *Id*.

The Court dismissed all claims with prejudice—except for his ineffective assistance of counsel claim against his former attorney for failing to timely file a notice of appeal. *Id*. at *3 (quotation marks omitted). On September 14, 2015, the Court held an evidentiary hearing on the issue and granted Townsend 30 days to file an appeal of his sentence.

On direct appeal, Townsend argued that (1) the district court erred in assessing the relevant drug quantity in order to determine the base offense level; (2) he should not have received a four-level leadership enhancement; and (3) Barnett rendered ineffective assistance at his plea proceedings. The Fifth Circuit dismissed Townsend's appeal, finding that his "waiver was knowing and voluntary, as Townsend knew he had the right to appeal and that he was giving up that right in the plea agreement." *United States v. Townsend*, 667 F. App'x 514, 514 (5th Cir. July 28, 2016).

On June 2, 2017, Townsend filed the instant Motion to Vacate and Motion to Supplement. He alleges as grounds for relief: (1) "his trial lawyer was ineffective in failing to advise him of the possible relevant conduct and in representing him relative to the sentencing hearing" and the plea hearing; (2) "the court should not have included as relevant conduct several transactions"; (3) "he should not be subject to a leader/organizer enhancement"; (4) his waiver of appeal was not "voluntary and knowingly made;" and (5) "[t]he Court lacked authority punish [him] on the amount of methamphetamine and its level of purity." Docket Nos. 443, 464.

The United States asserts that the petition is successive under § 2255 and Townsend has not obtained permission to file his motion from the Fifth Circuit, as required by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

## II.     Analysis

Enacted in 1996, AEDPA made it significantly harder for prisoners filing second or successive federal habeas corpus motions to obtain hearings on the merits of their claims. *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999). A "subsequent motion is second or successive when it 1) *raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition*; or 2) otherwise constitutes an abuse of writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (emphasis added).

Asserting no new ground for relief, Townsend brings claims that are similar or identical to those raised on his direct appeal. His "instant action is simply an attempt to relitigate his sentence." *Foster v. United* States, No. 3:01-CR-161-HTW-LRA, 2012 WL 2563010, at *3 (S.D. Miss. June 11, 2012). Because these issues were raised and rejected by the Fifth Circuit, they cannot be raised again in a § 2255 proceeding. *See United States v. Rocha*, 1098 F.3d 225, 230 (5th Cir. 1997) (explaining that arguments addressed and rejected on direct appeal "are procedurally barred from collateral review.").

Further, § 2255(h) requires that applicants obtain permission from the appropriate court of appeal to file a second or successive petition. Because Townsend has not obtained the requisite certification from the Fifth Circuit, his motions are dismissed.

## III.    Conclusion

Townsend's Motions are denied.

**SO ORDERED**, this the 12th day of March, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE