UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

(NORTHERN DIVISION)

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 26 2024
ARTHUR JOHNSTON
BY_____ DEPUTY

HERBERT JEROME TOWNSEND

V.                                                 CRIM. NO. 3:12-cr-118

UNITED STATES OF AMERICA


************************************************************
MOTION FOR A REDUCTION OF SENTENCE UNDER COMPASSIONATE UNDER
18 U.S.C. § 3582(c)(1)(A), AS AMENDED BY § 603(b) OF THE FIRST
STEP ACT OF 2018.
************************************************************

Now Comes, Herbert J. Townsend, Petitioner, acting pro se in the above matter hereby do humbly request that this Honorable Court respects his pro se status and scrutinize this petition to a less than stringent standard than that of an experienced attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

1

<u>Exhaustion</u>: as an initial matter, Petitioner asserts that he has exhausted his administrative remedies. Petitioner submits a copy of the Warden's denial of his request for a reduction in sentence.

<u>Extraordinary and compelling circumstance(s)</u>: Petitioner argues that extraordinary and compelling circumstances exist because (1)the Court's ruling in United States v. Robinson, 2022 U.S. Dist. Lexis 231041 (S.D. Miss. 12-23-2022) & United States v. Bean, 371 F. Supp. 3d; (2) a sentencing disparity exists between his original sentence and the sentence he would receive under today's law; (3) his living conditions while incarcerated during the pandemic and his health.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ISSUE(S)

Petitioner avers that a disparity exist between the sentence he received at his original sentence and the sentence he would receive under today's laws because of the Courts rulings in United States v. Robinson, Lexis 231041(S.D. Miss. 2022)(the court granted a motion for deviation from the guidelines regarding the purity level of methamphetamine.) Petitioner asserts that his case in chief mirrors that of the circumstances in the Robinson case.

Petitioner avers that he was found to have possessed and/or distributed between 50 grams to 1.5 kg of methamphetamine(ice)

2

which yields a base offense level (BOL) of 38.

Petitioner avers that a growing body of case law suggests the distinction between actual methamphetamine and mixture is no longer appropriate because it is not based on empirical data, does not serve as an accurate proxy for culpability, and creates unwarranted sentencing disparities and discrepancies between methamphetamine and actual methamphetamine defendants. Petitioner avers that the U.S.S.G. make a distinction between "methamphetamine [mixture]' and "actual methamphetamine" in the Drug Quantity Table. "Methamphetamine" refers to methamphetamine mixture, whereas "actual methamphetamine" or "ice" refers to purer forms of methamphetamine. This distinction is made because the U.S.S.G. use drug purity as a proxy for a defendant's culpability. Petitioner asserts that the U.S.S.G. state "the fact that a defendant is in possession of unusually pure narcotics may indicate a prominent role in the criminal enterprise." Petitioner avers that for sentencing purposes the impact of the distinction is severe, because the U.S.S.G. established a 10:1 ratio for quantities of methamphetamine mixture and actual methamphetamine. Petitioner asserts that in his case he plead guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. The Petitioner asserts that the PSR reporter and the sentencing Judge acted as a fact finder and therefore determined that he was responsible for 1.5 kg of actual methamphetamine, which violated the courts ruling in United States v. Alleyne, 570 U.S. 99, 133 S. Ct. 2151 (2013). Thus, the PSR and the Judge's assertion that his base offense level (BOL) was 38, was wholly an error in law.

However, the Petitioner asserts that if he were sentenced under today's law and the PSR reporter and Judge were not allowed to make a fact finding that he possessed between 50 grams to 1.5 kg of "actual methamphetamine" and therefore, found that he was in possession of the same amount of methamphetamine mixture, for which he was indicted and entered a plea of guilty. That his base offense level (BOL) would be level 32. Petitioner avers that a guideline sentence for methamphetamine mixture is less than half the guideline sentence for actual methamphetamine. Courts have stated "[n]o other drug is punished more severely based on purity" than methamphetamine.

Petitioner asserts that courts recognized the important role played by the Sentencing Commission, noting it "has used its empirical data and experiential approach to develop the U.S.S.G. to reflect a fair sentencing range. However, courts have noted that "where the guidelines are not the result of the Commission's reliance on empirical data and studies, the U.S.S.G. are less reliable when imposing a fair sentence. Petitioner asserts that courts have concluded "methamphetamine purity is no longer an accurate indicator of a defendant's role in a drug trafficking conspiracy." Courts have noted "[t]he assumption underlying the guidelines higher base offense levels for higher purity drugs, is that purity is "probative of the defendant's role or position. However, the court in Bean found, this assumption is divorced from the current market reality." The Petitioner avers that "courts have recognized due to the high average purity of methamphetamine, essentially every methamphetamine case would be charged as involving actual methamphetamine rather than a mixture of

4

methamphetamine, which in turns, obscures other factors and creates 'false uniformity' among all individuals charged with a methamphetamine offense, regardless of their actual role.

Petitioner assertsd that in Bean, the court held "the methamphetamine guidelines create unwarranted sentencing disparities between methamphetamine offenses, i.e., actual and mixture. The Court also recognized "[m]ethamphetamine offenses receive more severe sentences than any other drug. To belabor this point further, the court provided the following:

> 500 grams of actual methamphetamine earns a base offense level of 34, while the same quantities of other drugs result in lower base offense levels: fentanyl (30), cocaine base (crack)(30), heroin (26), and cocaine (24). By contrast, the base offense level for 500 grams of methamphetamine mixture is 30- a level more comparable to that advised for the same quantity of other major drugs. Recognizing this harsher treatment and the lack of empirical data to support it, the court concluded the Guidelines "run[] contrary to the 'need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" The court concluded "[a]pplying the methamphetamine mixture guidelines to determine the base offense level in all methamphetamine cases will bring base offense levels for methamphetamine offenses more in line with those of comparable drug-trafficking offenses...[and] will also remove the purity enhancement now present in all methamphetamine cases due to the high average purity of methamphetamine."

***************************************************************

## COVID-19 CONDITIONS ISSUE(S)

Petitioner asserts that several courts have noted "the harsh prison conditions that a defendant suffers from incarceration during the pandemic coupled with other factor are enough to

5

warrant a reduction in sentence under compassionate release.

Petitioner avers that if he were sentenced under today's laws with the benefits of the United States v. Robinson, 2022 U.S. Dist. Lexis 231041 (S.D. Miss. 2022); United States v. Bean, 371 F. Supp. 3d, a sentencing disparity exist between his guidelines range at his original sentencing hearing and the guidelines range under today's law. Petitioner avers that his original guidelines range were (BOL) base offense level 38, (CHC) criminal history category III, with an 4-point enhancement for a leadership role, yielding a guideline range of 324-405, the district court imposed a sentence of 384 months of imprisonment. Petitioner asserts that under today's laws his guideline range would be a (BOL) base offense level of 32, (CHC) criminal history category III, with an 4-point enhancement for a leadership role, and the (AOR) acceptance of responsibility decrease of 3-levels, yielding a guideline range of 168-210 months of impriosnment.

********************************************************************

## CONCLUSION

**Wherefore**, Herbert J. Townsend, acting pro se in this matter has made a prima facie showing that a sentencing disparity exist between the sentence he received at his original sentencing hearing and that of a sentence he would receive under today's law.

6

## RELIEF SOUGHT

**Now Comes**, Herbert J. Townsend, petitioner, acting pro se in this matter humbly request that this Honorable Court issue an order granting his petition for compassionate release and resentence him in accordance to today's law. i.e., **Bean and Robinson** cases.

Respectfully submitted,

Herbert J. Townsend
Reg No. 16871-043
FCI Memphis
P.O. Box 34550
Memphis, Tn 38184

## C E R T I F I C A T E   O F   S E R V I C E

I, Herbert J. Townsend, petitioner, acting pro se in this matter do hereby swear under the penalty of perjury that the aforementioned facts stated in this petition are true to my knowledge and that I placed a copy of said petition in the mailbox located here at FCI Memphis to the following address:

United States Courthouse
501 East Court Street, Suite 2.500
Jackson, Ms 39201

on this ____ day of _____, 2024.

Respectfully submitted,

Herbert J. Townsend
Reg No. 16871-043

TRULINCS 16871043 - TOWNSEND, HERBERT JEROME - Unit: MEM-M-B

---

FROM: Warden
TO: 16871043
SUBJECT: RE:***Inmate to Staff Message***
DATE: 01/05/2024 01:57:01 PM

Your request for Compassionate Release has been received and will be processed accordingly. You will be notified of the outcome.

---

From: ~^! TOWNSEND, ~^!HERBERT JEROME <16871043@inmatemessage.com>
Sent: Friday, January 5, 2024 12:30 PM
Subject: ***Request to Staff*** TOWNSEND, HERBERT, Reg# 16871043, MEM-M-B

To: Harrison
Inmate Work Assignment: Cook PM

I am requesting compassionate release and a reduction in my sentence for the following reasons:
(1) A sentencing disparity exist between my original sentence and or a sentence that I would receive under today's laws, because of the recent court ruling in United States v Robinson, Lexis 231041 (S.D. Miss. 2022); United States v Bean,
(2) Harsh prison conditions during the pandemic
(3) My poor and deteriorating health